IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHANA FISHER BUCK, as Personal Representative of the Estate of GLEN L. FISHER, <br><br> Plaintiff, <br><br> vs. <br><br> AIR & LIQUID SYSTEMS CORP., et al. <br><br> Defendants. | C/A No. 2:23-cv-04051-JD |

## ANSWER AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT AND TO CROSS-CLAIMS OF ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS WITH JURY DEMAND ENDORSED THEREON

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of the Defendants in the above styled and numbered cause, by and through counsel and answers the Plaintiff's Amended Complaint ("Complaint") and each and every Cross-Claim filed hereinafter by any other Defendant or Third-Party Defendant as follows:

1. Metropolitan Life denies the allegations contained in paragraph 1 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint to the extent said allegations relate to others.

2. Metropolitan Life denies the allegations contained in paragraph 2 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint to the extent said allegations relate to others.

3. Metropolitan Life denies the allegations contained in paragraph 3 of the Complaint, including its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, including its subparts, to the extent said allegations relate to others.

4. Metropolitan Life denies the allegations contained in paragraph 4 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint to the extent said allegations relate to others.

5. Metropolitan Life denies the allegations contained in paragraph 5 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint to the extent said allegations relate to others.

6. Metropolitan Life denies the allegations contained in paragraph 6 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint to the extent said allegations relate to others.

## AS TO THE FIRST CAUSE OF ACTION

7. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 6 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 7 of the Complaint.

8. The First Cause of Action and the allegations contained therein are directed against Product Defendants and not against Metropolitan Life, therefore no response is required. To the extent any allegations contained in the First Cause of Action may be perceived to be directed against Metropolitan Life, Metropolitan Life denies said allegations.

## AS TO THE SECOND CAUSE OF ACTION

9. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 27 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 28 of the Complaint.

10. The Second Cause of Action and the allegations contained therein are directed against Product Defendants and not against Metropolitan Life, therefore no response is required. To the extent any allegations contained in the Second Cause of Action may be perceived to be directed against Metropolitan Life, Metropolitan Life denies said allegations.

## AS TO THE THIRD CAUSE OF ACTION

11. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 35 of the Complaint.

12. The Third Cause of Action and the allegations contained therein are directed against other defendants and not against Metropolitan Life, therefore no response is required. To the extent any allegations contained in the Third Cause of Action may be perceived to be directed against Metropolitan Life, Metropolitan Life denies said allegations.

## AS TO THE FOURTH CAUSE OF ACTION

13. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 38 of the Complaint, inclusive, as though fully set forth herein in response to the paragraph 39 of the Complaint.

14. Metropolitan Life denies the allegations contained in paragraph 40 of the Complaint, including its subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, including its subparts, to the extent said allegations relate to others.

15. Metropolitan Life denies the allegations contained in paragraph 41 of the Complaint insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiff or to anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint to the extent said allegations relate to others.

16. Metropolitan Life denies the allegations contained in paragraph 42 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint to the extent said allegations relate to others.

17. Metropolitan Life denies the allegations contained in paragraph 43 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint to the extent said allegations relate to others.

18. Metropolitan Life denies the allegations contained in paragraph 44 of the Complaint insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiff or to anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint to the extent said allegations relate to others.

<u>AS TO THE FIFTH CAUSE OF ACTION</u>

19. Metropolitan Life reasserts and incorporates by reference its responses to the previous paragraphs of the Complaint, inclusive, as though fully set forth herein in response to paragraph 45 of the Complaint.

20. Metropolitan Life denies the allegations contained in paragraph 46 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint to the extent said allegations relate to others

21. Metropolitan Life denies the allegations contained in paragraph 47 of the Complaint insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiff or to anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint to the extent said allegations relate to others.

22. The allegations contained in paragraph 48 are Plaintiff's prayer for relief and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiff or to anyone else for any amount.

## AS TO THE PRAYER FOR RELIEF SECTION

23. The allegations contained in the Prayer for Relief Section are Plaintiff's prayer for relief and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiff or to anyone else for any amount.

24. Metropolitan Life denies each and every material allegation contained and set forth in Plaintiff's Complaint, unless specifically admitted above.

## FIRST DEFENSE

25. The allegations of the Complaint and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

## SECOND DEFENSE

26. The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

## THIRD DEFENSE

27. Plaintiff's Decedent's negligence equals or exceeds any negligence of any Defendant, and Plaintiff's claims therefore are barred by the doctrine of comparative negligence.

## FOURTH DEFENSE

28. Plaintiff's Decedent's negligence must be compared to the negligence, if any, of Defendants, and Plaintiff's recovery, if any, must be reduced, under the doctrine of comparative negligence, by Plaintiff's Decedent's corresponding degree of negligence.

## FIFTH DEFENSE

29. Plaintiff's claims are barred by the operation of the doctrine of laches.

## SIXTH DEFENSE

30. Plaintiff's claims are barred by the operation of the doctrine of estoppel.

## SEVENTH DEFENSE

31. Plaintiff's claims are barred by the operation of the doctrine of waiver.

## EIGHTH DEFENSE

32. Plaintiff's Decedent assumed the risk of any injuries allegedly sustained as a result of exposure to asbestos-containing products used by or near Plaintiff's Decedent.

## NINTH DEFENSE

33. Whatever damages were incurred by Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom this Defendant had no control.

## TENTH DEFENSE

34. At all times relevant hereto, the knowledge of Plaintiff's Decedent's employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiff's Decedent's employment, and, therefore, if there was any duty to warn Plaintiff's Decedent or provide protection to him, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiff.

## ELEVENTH DEFENSE

35. In the event that it be shown that Plaintiff's Decedent used any product or material, as alleged in the Complaint, which, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

## TWELFTH DEFENSE

36. Plaintiff's Decedent and his employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

## THIRTEENTH DEFENSE

37. The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

## FOURTEENTH DEFENSE

38. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 3 and 14, and all other applicable provisions, of the Constitution of the State of South Carolina.

## FIFTEENTH DEFENSE

39. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 3, and all other applicable provisions, of the Constitution of the State of South Carolina.

## SIXTEENTH DEFENSE

40. The claims in the Complaint and each Count thereof that seek exemplary or punitive damage as violate Metropolitan Life's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Sections 3 and 14, and all other applicable provisions, of the Constitution of the State of South

Carolina.

## SEVENTEENTH DEFENSE

41. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to protection from "excessive fines" as provided in Article I, Section 15 of the Constitution of the State of South Carolina.

## EIGHTEENTH DEFENSE

42. The claims of Plaintiff's spouse are barred by Plaintiff's contributory and/or comparative negligence and/or assumption of risk and/or any other affirmative defense asserted herein.

## NINETEENTH DEFENSE

43. The actions of Metropolitan Life were within its rights under the First Amendment to the United States Constitution and Article I, Section 2 of the Constitution of the State of South Carolina, and are fully protected thereby.

## TWENTIETH DEFENSE

44. Plaintiff should have taken action to minimize or eliminate damages, and therefore Plaintiff is precluded from recovering damages, or her damages are reduced, by operation of the doctrine of avoidable consequences.

## TWENTY-FIRST DEFENSE

45. Metropolitan Life did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

## TWENTY-SECOND DEFENSE

46. Metropolitan Life stats that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos-containing products, allegedly

used by or near the Plaintiff's Decedent, to the products manufactured and distributed by others pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government. Metropolitan Life avers further that at all times relevant to the allegations contained in the Complaint, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government and the United States Government had actual knowledge of the hazards, if any, associated with exposure to asbestos.

## TWENTY-THIRD DEFENSE

47. Metropolitan Life is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person for any of Plaintiff's alleged damages.

## TWENTY-FOURTH DEFENSE

48. The Complaint should be dismissed pursuant to Rule 9(b) of the South Carolina Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

49. Metropolitan Life would show unto the Court that multiple awards of punitive damages against it would violate Article I, Section 15 of the Constitution of the State of South Carolina; the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 12 of the Constitution of the State of South Carolina and the common law of the State of South Carolina.

## TWENTY-SIXTH DEFENSE

50. Plaintiff's Decedent's alleged injuries and damages, if any, were proximately caused by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on his job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

## TWENTY-SEVENTH DEFENSE

51. The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties. Therefore, this action must be dismissed, or, alternatively, the action should be stayed pending other appropriate relief by the Court.

## TWENTY-EIGHTH DEFENSE

52. Metropolitan Life would show unto the Court that the events which allegedly form the basis for the Plaintiff's alleged causes of action against Metropolitan Life arose prior to the elimination of the common law privity requirements in negligence and strict liability actions. As such, the Plaintiff is subject to the common law requirement that they be in privity with Metropolitan Life. Inasmuch as no such privity existed, Metropolitan Life is not a proper party to this action.

## TWENTY-NINTH DEFENSE

53. The Plaintiff's claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

### THIRTIETH DEFENSE

54. The Plaintiff's claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

### THIRTY-FIRST DEFENSE

55. The Plaintiff's claims should be denied to the extent they are barred by the operation of the doctrine of payment.

### ANSWER TO CROSS-CLAIMS

56. Metropolitan Life denies every allegation for each and every Cross-Claim insofar as said allegations apply to Metropolitan Life.

57. Metropolitan Life denies any liability with respect to each and every count of each and every Cross-Claim insofar as said counts apply to Metropolitan Life.

58. Metropolitan Life denies that it is liable to indemnify any other Defendant or Third-Party Defendant in this action.

59. Metropolitan Life denies that any Defendant or Third Party Defendant is entitled to contribution from Metropolitan Life in this action.

60. In response to each and every Cross-Claim, Metropolitan Life adopts by reference all denials in paragraphs 1 through 24 above, as though fully set forth herein.

61. In response to each and every Cross-Claim, Metropolitan Life adopts by reference all Defenses set forth in paragraphs 25 through 55 above, as though fully set forth herein, as Defenses to each and every Cross-Claim.

WHEREFORE, Metropolitan Life demands that:

    (a)    the Complaint be dismissed with prejudice as to Metropolitan Life;

(b) Plaintiff's demand for relief be denied in every respect;

(c) Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees;

(d) the Court grant such other and further relief as may be just, proper, and equitable; and

(e) Metropolitan Life requests a trial by jury.

Dated this 18th of April, 2024.    WALL TEMPLETON & HALDRUP, P.A.


BY: s/Mark H. Wall
Mark H. Wall, Esq.
145 King Street, Suite 300 (29401)
Post Office Box 1200
Charleston, SC 29402
Tel.: (843) 329-9500
Fax: (843) 329-9501
Email: Mark.Wall@WallTempleton.com

Attorneys for the Defendant
METROPOLITAN LIFE INSURANCE COMPANY